(24 Misc. Rep. 432.)

YOUNG v. EAMES.

(Supreme Court, Special Term, New York County. August, 1898.)

1. EXAMINATIONS BEFORE TRIAL—EXPULSIONS FROM STOCK EXCHANGES.
   In an action by an expelled member of a stock exchange to procure his reinstatement, the president of the exchange, on an examination before trial, cannot be required to disclose the evidence obtained by a special subcommittee of which he was a member, where the subcommittee was legally appointed by the governing committee, who tried plaintiff solely on the charges recommended by the former, which were submitted without the evidence on which they were founded, and where plaintiff was present at the trial, and heard all the evidence adduced before the governing committee, unless the laws of the exchange require that the charges served on the member shall be accompanied by the information on which they are based.

2. SAME.
   The examination of a defendant before trial must be limited to inquiries proper to the cause of action.

Action by William Euclid Young against Francis L. Eames, as president of the New York Stock Exchange. Hearing of exceptions taken on the examination of defendant before trial. Exceptions overruled.

Montignani, Mallory & Elmendorf, for plaintiff.
Carter & Ledyard, for defendant.

DALY, J. The plaintiff is examining the president of the New York Stock Exchange to elicit information alleged to be necessary in order to enable the plaintiff to frame a complaint in an action to procure his restoration to membership in the exchange, from which he was expelled by the governing committee on charges. The question submitted to me upon the argument is whether the president can be required to produce or disclose the evidence taken by a special subcommittee of three, of which he was a member, which was appointed by the governing committee from its own members, to investigate complaints against the plaintiff, and to report its recommendation as to the making of charges. The governing committee (which consisted of 42 members, 39 being present) tried the plaintiff upon the charges recommended by its subcommittee, and the plaintiff was present at the trial, and heard all the evidence adduced before the governing committee. It appears that none of the evidence taken before the subcommittee was laid before the governing committee, but only its report or recommendation. The charges made upon the recommendation of the subcommittee were formulated or presented by the secretary of the board. Unless the laws of the exchange require that the charges served upon a member shall be accompanied by the proofs or information upon which they are based, it does not seem

that he is entitled to such proofs or information if they were not submitted to the board which heard the charges. He is entitled to know all that the board knew or acted upon, and no more. Such, in fact, is the only claim he makes in his affidavit for the examination, in which he avers that after or before he was dismissed from the presence of the governing committee "various witnesses or other statements and representations were examined or received, and various statements and reports were made to said committee, but all without notice to the plaintiff, and without any opportunity for him to be informed as to what said witnesses, representations, and statements had communicated to the said committee, or any opportunity on his part to refute and answer the same; and he has no knowledge as to what they so communicated to the committee." It appears from the examination that no such communications were made to the governing committee before or after his appearance before it. It does appear that the three members of the governing board who constituted the subcommittee, and who were members of the tribunal which was to try the plaintiff, had made inquiries as to the complaints against him, and conducted those inquiries when he was not present. If that inquiry was authorized by the laws of the exchange, the plaintiff cannot complain. It was a preliminary investigation, ordered by the governing committee to be made by three of its number before charges were entertained by it. If the laws of the exchange prescribed that course, or if the governing committee were authorized by the constitution to adopt such procedure as they saw fit to satisfy themselves that charges should be made, then the plaintiff must abide by it. A further examination as to the rules, laws, and customs of the exchange will disclose the facts on this point. The plaintiff claims the right to inspect the stenographer's minutes of his trial, now in possession of the exchange. I understand from the examination that the minutes of the trial were produced and submitted to his counsel. As they contain only the proceedings which took place while the plaintiff was present, and of which, therefore, he has as much knowledge as the defendant, it does not seem that he is entitled to anything further than the inspection which has already been afforded him. The plaintiff's affidavit for this examination states that he proposes to claim damages against the members of the governing board who voted for his expulsion, but, as a cause of action against individual members for damages cannot be united with an action against the exchange for reinstatement, the examination under this order cannot embrace an inquiry proper to the former cause of action.

Ordered accordingly.